UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GALVIN DUDLEY,

                             Plaintiff,                    **ANSWER**

              -against-                        16 Civ. 07059 (DLC)

CITY OF NEW YORK DEPARTMENT OF PARKS AND
RECREATION and CITY OF NEW YORK

                            Defendants.
------------------------------------------------------------------------x

              Defendants City of New York and the New York City Department of Parks and Recreation (collectively, the "City Defendants"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the Complaint, dated September 9, 2016 ("Complaint"), respectfully allege as follows:

           1.      Deny the allegations set forth in paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed as alleged therein.

           2.      Deny the allegations set forth in paragraph 2 of the Complaint, except admit that Plaintiff purports to proceed as alleged therein.

           3.      Deny the allegations set forth in paragraph 3 of the Complaint, except admit that Plaintiff purports to proceed as alleged therein.

           4.      Deny the allegations set forth in paragraph 4 of the Complaint, except that Plaintiff purports to proceed as alleged therein.

           5.      Deny the allegations set forth in paragraph 5 of the Complaint, except admit that the Equal Employment Opportunity Commission issued a right to sue letter, dated August 22, 2016, to Plaintiff, and that he commenced this suit within 90 days.

6.     Deny the allegations set forth in paragraph 6 of the Complaint, except admit that Plaintiff purports to proceed as alleged therein.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, except admit that Plaintiff's last known address as reported to the City Defendants was in Kings County, New York.

8.     Deny the allegations set forth in paragraph 8 of the Complaint, except admit that the New York City Department of Parks and Recreation is a mayoral agency, located at Arsenal North, 830 Fifth Avenue, New York, NY 10065, and respectfully refer the Court to the City of New York Charter for a complete and accurate description of the New York City Department of Parks and Recreation's organization and powers.

9.     Deny the allegations set forth in paragraph 9 of the Complaint, except admit that the City is a municipal corporation, and respectfully refer the Court to the City of New York Charter for a complete and accurate description of the City's organization and powers.

10.     Admit the allegations set forth in paragraph 10 of the Complaint.

11.     Admit the allegations set forth in paragraph 11 of the Complaint.

12.     Admit the allegations set forth in paragraph 12 of the Complaint.

13.     Deny the allegations set forth in paragraph 13 of the Complaint.

14.     Deny the allegations set forth in paragraph 14 of the Complaint, except admit that Plaintiff was hired as a City Park Worker on or about September 22, 2014.

15.     Admit the allegations set forth in paragraph 15 of the Complaint.

16.     Admit the allegations set forth in paragraph 16 of the Complaint.

17.     Admit the allegations set forth in paragraph 17 of the Complaint.

18.     Deny the allegations set forth in paragraph 18 of the Complaint.

19.     Deny the allegations set forth in paragraph 19 of the Complaint.

20.     Deny the allegations set forth in paragraph 20 of the Complaint.

21.     Deny the allegations set forth in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint.

23.     Deny the allegations set forth in paragraph 23 of the Complaint.

24.     Deny the allegations set forth in paragraph 24 of the Complaint.

25.     Deny the allegations set forth in paragraph 25 of the Complaint.

26.     Deny the allegations set forth in paragraph 26 of the Complaint.

27.     Deny the allegations set forth in paragraph 27 of the Complaint.

28.     Deny the allegations set forth in paragraph 28 of the Complaint, except admit that
Mr. Polioli reported that he heard Ms. Thayer use the phrase "you people."

29.     Deny the allegations set forth in paragraph 29 of the Complaint.

30.     Deny the allegations set forth in paragraph 30 of the Complaint.

31.     Deny the allegations set forth in paragraph 31 of the Complaint.

32.     Deny the allegations set forth in paragraph 32 of the Complaint.

33.     Deny the allegations set forth in paragraph 33 of the Complaint.

34.     Deny the allegations set forth in paragraph 34 of the Complaint.

35.     Deny the allegations set forth in paragraph 35 of the Complaint.

36.     Deny the allegations set forth in paragraph 36 of the Complaint.

37.     Deny the allegations set forth in paragraph 37 of the Complaint.

38.     Deny the allegations set forth in paragraph 38 of the Complaint.

39.     Deny the allegations set forth in paragraph 39 of the Complaint.

40.     Deny the allegations set forth in paragraph 40 of the Complaint.

41.     Deny the allegations set forth in paragraph 41 of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     Deny the allegations set forth in paragraph 44 of the Complaint.

45.     Deny the allegations set forth in paragraph 45 of the Complaint, except admit that Plaintiff's employment was terminated.

46.     Deny the allegations set forth in paragraph 46 of the Complaint, except admit that Plaintiff was rehired.

47.     Deny the allegations set forth in paragraph 47 of the Complaint, except admit that in August 2015, Ms. Thayer requested that Mr. Dudley's probation period be extended for six months.

48.     Deny the allegations set forth in paragraph 48 of the Complaint.

49.     Deny the allegations set forth in paragraph 49 of the Complaint.

50.     Deny the allegations set forth in paragraph 50 of the Complaint.

51.     Deny the allegations set forth in paragraph 51 of the Complaint, except admit that Ms. Thayer used the phrase "you people" to refer to CPWs at fixed posts.

52.     Deny the allegations set forth in paragraph 52 of the Complaint.

53.     Deny the allegations set forth in paragraph 53 of the Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Deny the allegations set forth in paragraph 55 of the Complaint, except admit that Plaintiff was transferred to District 10 in Brooklyn at some point.

56.     Deny the allegations set forth in paragraph 56 of the Complaint.

57.     Deny the allegations set forth in paragraph 57 of the Complaint.

58.     Deny the allegations set forth in paragraph 58 of the Complaint.

59.     Deny the allegations set forth in paragraph 59 of the Complaint.

60.     Deny the allegations set forth in paragraph 60 of the Complaint.

61.     Deny the allegations set forth in paragraph 61 of the Complaint.

62.     Deny the allegations set forth in paragraph 62 of the Complaint.

63.     Deny the allegations set forth in paragraph 63 of the Complaint.

64.     Deny the allegations set forth in paragraph 64 of the Complaint, except admit that Plaintiff was terminated on March 7, 2016.

65.     Admit the allegations set forth in paragraph 65 of the Complaint.

66.     Admit the allegations set forth in paragraph 66 of the Complaint.

67.     Admit the allegations set forth in paragraph 67 of the Complaint.

68.     Deny the allegations set forth in paragraph 68 of the Complaint, except admit that Mr. Dudley was suspended on July 15, 2016.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.     Deny the allegations set forth in paragraph 70 of the Complaint.

71.     Deny the allegations set forth in paragraph 71 of the Complaint.

72.     Deny the allegations set forth in paragraph 72 of the Complaint.

73.     Deny the allegations set forth in paragraph 73 of the Complaint.

74.     Admit the allegations set forth in paragraph 74 of the Complaint.

75.     In response to paragraph 75 of the Complaint the City Defendants repeat and reallege their responses to paragraphs 1 through 74 of the Complaint, as if fully set forth herein.

76.     Paragraph 76 sets forth a statement of law to which no response is required.  To the extent Paragraph 76 is deemed to contain factual allegations, the City Defendants deny the allegations set forth in Paragraph 76 of the Complaint, and respectfully refer the Court to the statute cited therein for a full and accurate statement of its contents.

77.     Deny the allegations set forth in paragraph 77 of the Complaint.

78.     Deny the allegations set forth in paragraph 78 of the Complaint.

79.     Deny the allegations set forth in paragraph 79 of the Complaint.

80.     In response to paragraph 80 of the Complaint the City Defendants repeat and reallege their responses to paragraphs 1 through 79 of the Complaint, as if fully set forth herein.

81.     Paragraph 81 sets forth a statement of law to which no response is required.  To the extent Paragraph 81 is deemed to contain factual allegations, the City Defendants deny the allegations set forth in Paragraph 81 of the Complaint, and respectfully refer the Court to the statute cited therein for a full and accurate statement of its contents.

82.     Deny the allegations set forth in paragraph 82 of the Complaint.

83.     Deny the allegations set forth in paragraph 83 of the Complaint.

84.     Deny the allegations set forth in paragraph 84 of the Complaint.

85.     Deny the allegations set forth in paragraph 85 of the Complaint.

86.     In response to paragraph 86 of the Complaint the City Defendants repeat and reallege their responses to paragraphs 1 through 85 of the Complaint, as if fully set forth herein.

6

87.     Paragraph 87 sets forth a statement of law to which no response is required.  To the extent Paragraph 87 is deemed to contain factual allegations, the City Defendants deny the allegations set forth in Paragraph 87 of the Complaint, and respectfully refer the Court to the statute cited therein for a full and accurate statement of its contents.

88.     Deny the allegations set forth in paragraph 88 of the Complaint.

89.     Deny the allegations set forth in paragraph 89 of the Complaint.

90.     Deny the allegations set forth in paragraph 90 of the Complaint.

91.     In response to paragraph 91 of the Complaint the City Defendants repeat and reallege their responses to paragraphs 1 through 90 of the Complaint, as if fully set forth herein.

92.     Paragraph 92 sets forth a statement of law to which no response is required.  To the extent Paragraph 92 is deemed to contain factual allegations, the City Defendants deny the allegations set forth in Paragraph 92 of the Complaint, and respectfully refer the Court to the statute cited therein for a full and accurate statement of its contents.

93.     Deny the allegations set forth in paragraph 93 of the Complaint.

94.     Deny the allegations set forth in paragraph 94 of the Complaint.

95.     Deny the allegations set forth in paragraph 95 of the Complaint.

96.     Deny the allegations set forth in paragraph 96 of the Complaint.

97.     In response to paragraph 97 of the Complaint the City Defendants repeat and reallege their responses to paragraphs 1 through 96 of the Complaint, as if fully set forth herein.

98.     Paragraph 98 sets forth a statement of law to which no response is required.  To the extent Paragraph 98 is deemed to contain factual allegations, the City Defendants deny the allegations set forth in Paragraph 98 of the Complaint, and respectfully refer the Court to the statute cited therein for a full and accurate statement of its contents.

99.     Deny the allegations set forth in paragraph 99 of the Complaint.

100.    Deny the allegations set forth in paragraph 100 of the Complaint.

101.    Deny the allegations set forth in paragraph 101 of the Complaint.

102.    In response to paragraph 102 of the Complaint the City Defendants repeat and reallege their responses to paragraphs 1 through 101 of the Complaint, as if fully set forth herein.

103.    Paragraph 103 sets forth a statement of law to which no response is required.  To the extent Paragraph 103 is deemed to contain factual allegations, the City Defendants deny the allegations set forth in Paragraph 103 of the Complaint, and respectfully refer the Court to the statute cited therein for a full and accurate statement of its contents.

104.    Deny the allegations set forth in paragraph 104 of the Complaint.

105.    Deny the allegations set forth in paragraph 105 of the Complaint.

106.    Deny the allegations set forth in paragraph 106 of the Complaint.

107.    Deny the allegations set forth in paragraph 107 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108.    The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109.    The City Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110.    At all times relevant to the acts alleged in the Complaint, the City Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to Plaintiff were undertaken for legitimate, non-discriminatory business reasons.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

111.    At all times relevant to the acts alleged in the Complaint, the City Defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

112.    Upon information and belief, the damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

113.    Plaintiff's claims are barred, in whole or part, because of Plaintiff's failure to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

114.    The City Defendants are not liable under the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107, *et seq.*, where conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences.  *See Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 872 N.Y.S.2d 27 (1st Dep't 2009).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

115.    All claims against the New York City Department of Parks and Recreation must be dismissed because it is not a suable entity.  *See* N.Y.C. Charter, Ch. 17 § 396.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

116.    Plaintiff's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision

**WHEREFORE**, the City Defendants respectfully request that the Complaint be dismissed with prejudice, that the request for relief be denied in all respects, that judgment be entered for the City Defendants, and that the City Defendants be granted costs, fees, and disbursements, including attorneys' fees and expenses incurred in this action, together with such other and further relief as the Court may deem just and proper..

Dated:        New York, New York
              December 16, 2016

                                        Respectfully Submitted,

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-0879
                                        cfain@law.nyc.gov

                            By:    _____/s/_____
                                        COURTNEY P. FAIN
                                        Assistant Corporation Counsel

TO:    All Counsel of Record (via ECF)